[No. 17889.  Department One.  December 20, 1923.]

J. A. NICHOLAUS, *Appellant,* v. RICHLAND IRRIGATION
DISTRICT OF BENTON COUNTY, *Respondent.*[1]

ESTOPPEL (48)—EQUITABLE ESTOPPEL—ACQUIESCENCE.  The evidence is insufficient to show that an irrigation district was estopped to question the right of a user to make a change of his point of diversion, where he made the change without action of the board on the suggestion that there would be no objection on certain conditions which he did not fulfill.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered January 3, 1923, in favor of the defendant, in an action for an injunction, tried to the court.  Affirmed.

*Chas. W. Johnson,* for appellant.
*Moulton & Jeffrey,* for respondent.

MACKINTOSH, J.—In April, 1918, the appellant purchased from the respondent's predecessor in interest a farm in Benton county, together with certain water rights, the deed providing that the grantor "will deliver said water at such point. . . . as it deems most practicable," and there were other provisions which clearly gave the right to the grantor, who was the owner of the irrigation system, the right to designate the point where the appellant should take out the water from the ditch for use upon his land.

The appellant, with other neighboring owners of similiar land and water rights, had been, under their contracts, jointly taking the water out of a place known in the record as "pump No. 3."  The appellant, be-

[1]Reported in 221 Pac. 610.

lieving that the arrangement to receive his water at that place was depriving him of a sufficient amount of water to properly irrigate his land, after using that method for a couple of years, installed a pump of his own, by which he sought to take water out of the ditch where it crossed his own land, and the respondent refusing to allow him to operate this pump, this action was begun to restrain the respondent from interfering therewith.

Authorities are quoted to the point that an appropriator of water has an absolute right to change the point of diversion, if this is done without injury to the rights of others. These authorities are hardly of any consequence here for the reason that there is not before us the question of the appropriation, and, furthermore, that the right to designate the point of taking from the respondent's ditch has been determined by the contract between the parties, and reliance must be placed solely upon the theory of estoppel, which appellant invokes under the following facts: It is the appellant's claim that he complained to respondent's officers that he was not receiving sufficient water from pump No. 3, and that they advised him that, if they were in his place, they would install a pump on his own land; that he discussed this matter with two of the members of the board of trustees and that he secured their approval, and thereupon did install the pump, removing the piping system which connected him with pump No. 3.

Even if this situation would estop the respondent, we find that the evidence does not go to the extent claimed, for the appellant himself testified that:

"It was about two or three months prior to that time that the matter was taken up with them. As a matter of fact, I had asked them and they hadn't taken

any action at all. They said so far as they were individually concerned it would not make any difference to them; each of the board I spoke to. Mr. Stevens said it wouldn't make any difference to him where the water was taken out, several times, and especially so about three or four days before the board had taken the action they did.''

We are persuaded from the testimony that the fact is that the respondent advised the appellant that it would have no objection to his changing the place of diversion, provided he could secure a release from his co-users of pump No. 3, and that a release was prepared for him in order that he might secure the signatures of the different owners and be released from his obligation to pay a proportionate share of the maintenance of the pump at No. 3. He never secured such release, and, under all the circumstances, we find nothing which gives rise to an estoppel.

For that reason the judgment of the trial court is affirmed.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.